IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| BINGZI ZHENG | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-07-026 |
| | § | |
| MICHAEL CHERTOFF, as Secretary of the | § | |
| Department of Homeland Security, | § | |
| EMILIO T. GONZALEZ, Director of U.S. | § | |
| Citizen and Immigration Services (USCIS), | § | |
| and ROBERT S. MUELLER, Director of | § | |
| Federal Bureau of Investigation | § | |

### REPORT AND RECOMMENDATION

Before the Court is the "Defendants' Motion to Dismiss" the pro se complaint of Plaintiff, Bengzi Zheng. After careful consideration of the Motion, Zheng's response and the Defendants' reply, the Court issues this Report and Recommendation to the District Court.

When viewed in the light most favorable to Zheng, the pertinent facts are few. On October 13, 2004, Zheng, a Chinese national, and her husband Chong Wang, each filed with the United States Citizenship & Immigration Services (USCIS) a "Form I-485" Application to adjust their immigrtion status to that of permanent resident. Wang's Application was approved on May 19, 2006. After numerous attempts to prompt consideration of her Application, Zheng filed this action on January 18, 2007, seeking a Writ of Mandamus to correct the unreasonable delay in the adjudication of her Application. Zheng's Application, now 2 years and 8 months old, is still pending.

In their Motion, the Defendants argue that under current law, the District Court lacks subject matter jurisdiction over Zheng's complaint because the Attorney General's absolute

discretion over immigrtion matters, created by the enactment of 8 U.S.C. § 1252(a)(2)(B)(1), divests the District Courts of jurisdiction over suits like Zheng's.  This Court disagrees.

Zheng claims, *inter alia*, that the District Court has jurisdiction by virtue of the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.*, a federal statute enforceable pursuant to 28 U.S.C. § 1331.  Under Section 6 of the APA, a federal agency, like the USCIS, "with due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*,…shall proceed to conclude a matter presented to it," 5 USC 555(b). (emphasis added)     In the opinion of this Court, Zheng's allegations that the USCIS has violated Section 6 of the APA by failing to timely adjudicate her Application brings her action within federal question jurisdiction as long as her claim is not patently without merit.  Cf. Kim v. Ashcroft, 340 F.Supp. 2d 384, 390-91 (S.D. N.Y. 2004)     To invoke jurisdiction under the APA, Zheng must show that the USCIS had a non-discretionary duty to act and it unreasonably delayed acting pursuant to that duty.  Gelfer v. Chertoff, 2007 WL 902382 (N.D. Cal., March 22, 2007), citing Norton v. S. Utah Wilderness Alliance, 542 U.S. 55 (2004)     Defendants do not deny they have a non-discretionary duty to act on Zheng's Application, see Singh v. Still, 470 F.Supp. 2d 1064, 11067 (N.D. Cal. 2006), they simply claim that they are awaiting the completion of the required FBI name check.  However,except for a general allegation that the FBI is busy these days, supported by the declaration of a  Section Chief at the Bureau's Name Check Program, no detailed explanation for the lengthy delay in Zheng's case is offered.  Regardless, on this Motion to Dismiss, it is premature to determine whether the delay is reasonable or not.  It will suffice that Zheng's complaint, alleging a delay of 32 months, is not patently without merit.  *compare* Duan v. Zamberry, 2007 U.S. Dist. LEXIS 12697 (W.D. Pa., February 23, 2007) (delay

of 16 months); Gelfer, *supra,* (delay of 21 months); Wang v. Chertoff, H-06-cv-3477 (S.D. Tex. 2007, January 19, 2007, Lake, J.) (delay of 38 months)   For the foregoing reasons, the Court concludes that the District Court has subject matter jurisdiction to determine the reasonableness of the Defendants' delay in adjudicating Zheng's Application.

It is, therefore, the **RECOMMENDATION** of this Court that the "Defendants' Motion to Dismiss" (Instrument no. 11) be **DENIED**.

Having found a basis for subject matter jurisdiction, the Court **FINDS** it unnecessary to address the propriety of Zheng's Mandamus action at this time.

The Clerk **SHALL** send a copy of this Report and Recommendation to the Parties who **SHALL** have until **June 29, 2007**, in which to have written objections, filed pursuant to 28 U.S.C. §636(b)(1)(C), **physically on file** in the Office of the Clerk.  The Objections SHALL be electronically filed and/or mailed to the Clerk's Office at P.O. Drawer 2300, Galveston, Texas 77553.  Failure to file written objections within the prescribed time **SHALL** bar any Party from attacking on appeal the factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this _____12th_____ day of June, 2007.

John R. Froeschner
United States Magistrate Judge

3